SATISH SHETTY
**Party In Interest**
4351 La Barca Drive,
Tarzana, CA 91356
Phone: (818)342-2404
Fax: (818)342-6318
E-Mail: chicoo@sbcglobal.net

**FILED**
JUN - 3 2013
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ADINA ZAHARESCU,<br><br>Debtor in Possession | **Bankruptcy Court Case Number:**<br>1:11-bk-11362-MT /12<br><br>**Adversary Case Number:**<br>1:13-ap-01028-MT<br><br>Chapter 11.<br><br>PARTY IN INTEREST'S RESPONSE TO U.S. TRUSTEE'S OBJECTION TO DEBTOR'S UNAPPROVED DISCLOSURE STATEMENT DESCRIBING THE PLAN OF REORGANIZATION |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

Party in Interest, Satish Shetty ("Shetty") hereby submits his Response to U.S. Trustee's Objection to Debtor's Unapproved Disclosure Statement Describing the Plan of Reorganization.

**A**

**PARTY IN INTEREST'S RESPONSE TO U.S. TRUSTEE'S OBJECTION TO DEBTOR'S UNAPPROVED DISCLOSURE STATEMENT DESCRIBING PLAN OF REORGANIZATION**

1

On or about April 11, 2013 U.S. Trustee filed a document titled "U.S. TRUSTEE'S OBJECTION TO DEBTOR'S UNAPPROVED DISCLOSURE STATEMENT DESCRIBING PLAN OF REORGANIZATION" that essentially raises <u>three issues</u> as a basis of its objection as follows:

1. U.S. Trustee requires additional information related to debtor's spouse's personal service business and the company First American Properties and Acquisitions, Inc.,.
2. Debtor's spouse's adverse interest to the estate and its affect to fund debtor's plan and estate.
3. A disclosure related to who the family members are and declarations from them showing their willingness to help fund the plan and the amount they would provide, and their ability to do so.

Debtor's spouse and Party-In-Interest provides the following information in support of debtor's disclosure statement that may satisfy the Trustee with respect to information requested.

B.

**DESCRIPTION OF DEBTOR'S SPOUSE BUSINESS**

Debtor's husband is a Law graduate, from a foreign university and has owned and operated his own business since 1977 soon after he graduated from high school and while pursuing his education. His personal educational qualification include a Bachelor's degree in Chemistry, Master's degree in Business Administration, Bachelor's degree in law, and has various Diplomas in Journalism, Public Relations & Advertising among other educational endeavors. He intends to pursue a Masters Degree in Law and Taxation at an accredited institution in California during the next few years. He is currently registered as a law student

with the State Bar of California and he prepares to take the Bar Exam and a Real Estate broker's license in California.

After an unfortunate, major and devastating setback to his flourishing business in 2003 because of a personal business rivalry and subsequent immigration related detentions, debtor's husband had to close down his business activities and loss of assets that led to the instant bankruptcy related to the debtor. In June 2011 after a long battle that lasted eight years, debtor's husband prevailed in U.S. Federal District Court and he has now recovered and is about to engage in and launch the various business that he was involved in, in the past that includes activities related to shipping and aviation industry, Hotel and Motel business, Trading debt, Real estate, commodities, management and computer training related schools and film production globally. The uncertainty of domicile with respect to his residency within the United States among other reasons prevented him from taking any steps to reestablish his businesses until 2011. Those situations have now been resolved and the uncertainty eliminated.

To begin with, in 2013, he incorporated his company namely First American Properties and Acquisitions, Inc and is supported by several hedge funds and businesses interested investing with his company in real estate related activities. He has been approached by and is also likely to be employed by another company from which he anticipates a monthly remuneration and other incentives. The business activities include acquisition, management and sale of mortgages and residential and commercial real estate in bulk within and outside the United States including South America, Canada, New Zealand, Australia, India, and few European countries. Also as a part of the activities debtor's husband will be launching a hotel chain and plans for which is currently in progress which will include plans to build, own and operate hotels/motels/lodges throughout this country.

Currently while most of his business activities are in the planning stage before he could launch his products later this year, he has acquired rights to title and/or claims to civil judgments, debt and obligations and causes of action in various real estate owned by individuals and entities and litigates them on his own behalf while earning a steady income from investigation and audit of those claims prior to purchasing them. His customers include attorneys, law firms, individuals and corporations. Given the limited time and operating single handedly at this time his income from this activity would be limited to or capped at $32,000.00 per month @ $8000.00 per week while he earns additional regular monthly income from rentals and management of properties.

While the debtor's spouse would not like to indulge in disclosing business or trade secrets related to his operation of his business, he anticipates his personal income from this source alone to exceed well over $80,000.00 per month before taxes by the end of this year 2013. Other ventures are not being discussed herein as the debtor's husband believes that the information provided herein is most relevant to debtor's disclosure statement and may be in itself adequate and sufficient in detail that would enable a hypothetical investor of relevant class to make an informed judgment about debtor's plan which is currently being supported by her spouse. Should more information be necessary debtor's spouse will be more than willing to offer projections that could enable this court to determine whether or not a disclosure statement provides adequate information under 11 U.S.C. § 1125(a)(1).

C.

**DEBTOR'S SPOUSE'S AND PARTY IN INTEREST'S ADVERSE INTEREST TO THE ESTATE AND ITS AFFECT TO FUND DEBTOR'S PLAN AND ESTATE**

Debtor's spouse AND Party in Interest (hereinafter DS), is the beneficial owner of the property located at 4351 La Barca Drive, Tarzana, CA 91356 by virtue of being an owner,

Trustor and beneficiary of a grantor's trust namely the La Barca Irevocable Trust of which the debtor is the Trustee. Debtor is the beneficiary of the trust res/ property through DS's will and thus has future beneficial interest in the title and the property in which she currently lives in and occupies with her family. In effect while the debtor has title to the property solely as a Trustee on behalf of the beneficiary she is also the beneficiary of the all interest in the property which she occupies with her family as a spouse of DS. Thus debtor's interest is not inapposite to that of her husband but her interest in the property is consistent with DS's interest in the subject property.

Owing to constructive fraud by a loan originator and others against whom an adversary proceeding has been filed, title to the property has been wrongfully transferred to the debtor. Subsequently the debtor married the grantor and trustor and beneficiary of the trust who is the sole beneficiary of the trust. Pursuant to this new relationship the debtor has assumed additional debt and liability with consent and authorization from her husband. As title was then irrelevant the debt obligations incurred after her marriage remained her sole liability. During this period debtor's spouse was facing immigration challenges and periodic and indefinite detention pending proceedings in court over which he finally prevailed in 2011 at which time the debtor was intermittently in bankruptcy proceedings. The only opportunity to raise title issues was in the United States bankruptcy court which had jurisdiction over this issue and debt related issues and thus debtor's spouse after consulting with several law firms, properly raised this issues in the proper forum to decide this matter while a purported assignee of a claim wrongfully attempted to deprive the debtor and her family of her property.

While the question does exist and remain related to legal title to the property, it should be clear by this time that there is no confusion between legal title and debtor's interest in the subject property while the situation related to her debt is properly a subject of the bankruptcy estate. While the legal title belongs to the debtor as trustee, the interests in the property belongs

to both the debtor and her spouse who occupy the property as their home as a family and the trust res belongs to her husband who is the trustor/grantor and sole beneficiary of the Trust property. As stated earlier the debtor has current interest in the estate as a beneficiary of her spouse's will and upon his demise.

It is not debtor's fault that party in interest was defrauded by Ameriquest Mortgage Company when she unintentionally and without her consent acquired title to the property in her individual name and not as a trustee now subject of the Bankruptcy estate. After the marriage between the debtor and her spouse their interest merged and remain common with respect to the trust property. While title was not relevant to the relationship, it remains relevant in the bankruptcy context and this is the first opportunity and forum to effectively deal with the controversial situation wherein the debtor is in bankruptcy in good faith to deal with her debt and he spouse is attempting to resolve title lest this matter be barred by res-judicata or other legal impediments at a later date.

Thus, any loss of a lawsuit by debtor's spouse does not in any way affect his intentions to fund the plan in which both and debtor and her spouse share a common interest which is the very reason why the Debtor's spouse is expected to make contributions at the same time that he is suing the debtor without any risk of those contributions being stopped.

D.

**A DISCLOSURE RELATED TO WHO THE FAMILY MEMBERS ARE AND DECLARATIONS FROM THEM SHOWING THEIR WILLINGNESS TO HELP FUND THE PLAN AND THE AMOUNT THEY WOULD PROVIDE, AND THEIR ABILITY TO DO SO.**

All of the family members who are willing to assist the debtor include family member's are related to her husband. None of those family members live in the jurisdiction of the United States of America and almost all of them are involved in shipping activities and

1. international trade and live in different parts of the world. Debtor's husband is able and willing
2. to provide a declaration in this respect under penalty of perjury that should there be a need for
3. assistance, which he believes will not be necessary, debtor will be assisted by the family
4. members and others who have requested their names to remain private as some of them are
5. known public figures.
6.     While this court has yet to decide on issues related to party in interest's adversary
7. complaint and J.P. Morgan chase Bank's ( a party without standing) interest in dismissal of
8. debtor's bankruptcy case for obvious reasons, based upon the foregoing, debtor's spouse and
9. Party In Interest respectfully request this court to consider the information contained herein in its
10. decision whether or not to approve the Disclosure statement by the debtor and if necessary allow
11. the debtor to amend the disclosure statement to include information addressed in this response to
12. issues raised in trustee's objection.

Dated:  June 03, 2013

Respectfully Submitted,

BY: _____
Satish Shetty
(Party In Interest)
4351 La Barca Drive,
Tarzana, CA 91356

# PROOF OF SERVICE

I the undersigned, declare:

I am over the age of 18 years and not a party to the above-entitled matter.
My business address is 20631 Ventura Boulevard, #301, Woodland Hills, CA 91364.

On June 03, 2013, I served the within "PARTY IN INTEREST'S RESPONSE TO U.S. TRUSTEE'S OBJECTION TO DEBTOR'S UNAPPROVED DISCLOSURE STATEMENT DESCRIBING THE PLAN OF REORGANIZATION" in this matter on each of the parties indicated herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail in Tarzana, California to the following, addressed as follows:
TO:
1. Ameriquest Mortgage Securities, Inc; AND
2. Ameriquest Mortgage Company.
    Represented by:
    Buchalter Neimer
    A Professional Law Corporation
    Brian T. Harvey (SBN: 238991)
    Bradley G. Grumbley (SBN: 265265)
    1000 Wilshire Boulevard, Suite 1500,
    Los Angeles, CA 90017-2457
    kaman@buchalter.com

3. Ocwen Loan Servicing, LLC;
4. Litton Loan Servicing LP, and
5. Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-FR1
6. Ocwen Financial Services, Inc.
    Represented by:
    Eric D. Houser (SBN 130079)
    Robert W. Norman, Jr. (SBN 232470)
    Steven S. Son (SBN 265921)
    HOUSER & ALLISON
    A Professional Law Corporation
    3780 Kilroy Airport Way, Suite 130,
    Long Beach, CA 90806.
    sson@houser-law.com

7. Quality Loan Service Corp.,
    **McCARTHY & HOLTHUS, LLP**
    JaVonne M. Phillips, Esq. SBN 187474
    Terry Loftus, Esq. SBN 86355
    1770 Fourth Avenue
    San Diego, CA 92101.                              ....CONTINUED

PROOF OF SERVICE

1

8. LSI TITLE COMPANY
   C/o Krsto Mijanovic
   Annette F. Mijanovic
   HAIGHT BROWN & BONESTEEL LLP
   555 South Flower Street,
   Forty-Fifth Floor,
   Los Angeles, CA 90071

9. JPMorgan Chase Bank, N.A.
   Brian A. Paino
   PITE DUNCAN, LLP
   4325 Jutland Drive, Suite 200,
   P.O. Box 17933,
   San Diego, CA 92177-0933

10. PNC Bank, N.A.
    Andrew Bao
    Wolfe & Wyman
    5 Park Plaza Ste. 1100
    Irvine, CA 92614

11. U.S. Trustee (SV)
    21051 Warner Center Lane, Suite 115
    Woodland Hills, CA 91367.

12. Adina Zaharescu
    Simon J. Dunstan
    Hughes and Dunstan LLP.,
    21650 Oxnard Street, Suite 1960,
    Woodland Hills, CA 91367.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 03, 2013, in Woodland Hills, California.

Adrian Zaharescu
Declarant.

PROOF OF SERVICE

2